Zane S. Froerer (#10807)
FROERER & MILES, P.C.
2661 Washington Blvd., Suite 201
Ogden, Utah 84401
801-621-2690
Zane.froerer@froererlaw.com
*Attorney for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DOUGLAS WILLIAMS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CACHE COUNTY, a public politic; D. CHAD JENSEN, as both an individual and in his official capacity as the Cache County Sheriff; UNKNOWN SHERIFF'S DEPUTIES 1-20, both as individuals and in their capacities as deputies of the Cache County Sheriff's Office; LOWER FOODS, INC., a Utah corporation; PECK BAXTER WATKINS & BAILEY, LLC, a Utah limited liability company; NATHAN A. DUNCAN, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, COMPENSATORY DAMAGES, STATUTORY DAMAGES, AND ATTORNEY'S FEES**<br>**(42 U.S.C. § 1983; 42 U.S.C. § 1988)**<br><br>**JURY DEMAND**<br><br><br>Civil No.: _____<br><br>Judge: _____ |

Plaintiff Douglas Williams, by and through his undersigned counsel, respectfully

submits his complaint and claims against Defendants, as set forth herein.

## NATURE OF CLAIMS

1.     This is a civil action challenging violations of Mr. Williams' constitutional right

to be free from (a) unreasonable search and seizure and (b) deprivation of property without due

process of law, all arising from an incident in October of 2020 when Cache County Sheriff's deputies, while executing a writ of execution at the home of Mr. Williams against property owned by Mr. Williams' spouse, indiscriminately seized Mr. Williams's property as well. These violations, in addition to abridging Mr. Williams's civil rights, also damaged him financially, physically, and emotionally.

## PARTIES

2.      Plaintiff Douglas Williams is and has been, at all relevant times, a citizen of Utah living in Cache County.

3.      Defendant Cache County is a county within the State of Utah and is a public body liable for the acts and omissions of the Cache County Sheriff and his deputies, as well as Cache County officers and employees acting within the scope of their agency and/or employment. Cache County is a suable "person" as that term is defined in 42 U.S.C. § 1983.

4.      At all times material to this action, Defendant D. Chad Jensen has been the Sheriff of Cache County and acting within the scope of that office and under color of law. Sheriff Jensen is a suable "person" as that term is defined in 42 U.S.C. § 1983.

5.      On information and belief, at all times material to this action, Defendants Unknown Sheriff's Deputies 1-20 were duly sworn deputies of the Cache County Sheriff's Office, a subdivision of Cache County, and acting within the scope of their respective employment and under color of law. Each of the Unknown Sheriff's Deputies is a suable "person" as that term is defined in 42 U.S.C. § 1983.

6.      On information and belief, at all times material to this action, Defendant Lower

2

Foods, Inc. ("Lower Foods") has been domiciled and conducting business in Cache County, Utah. Lower Foods, as a private party who jointly participated with Cache County, Sheriff Jensen, and the Unknown Sheriff's Deputies in violating Mr. Williams' constitutional rights, is a suable "person" as that term is defined in 42 U.S.C. § 1983.

7. On information and belief, at all times material to this action, Defendant Peck Baxter Watkins & Bailey, LLC ("PBWB") has been domiciled and conducting business in Cache County, Utah. PBWB, as a private party who jointly participated with Cache County, Sheriff Jensen, and the Unknown Sheriff's Deputies in violating Mr. Williams' constitutional rights, is a suable "person" as that term is defined in 42 U.S.C. § 1983.

8. On information and belief, at all times material to this action, Defendant Nathan A. Duncan has been an individual living and doing business in Cache County, Utah. Mr. Duncan, as a private party who jointly participated with Cache County, Sheriff Jensen, and the Unknown Sheriff's Deputies in violating Mr. Williams' constitutional rights, is a suable "person" as that term is defined in 42 U.S.C. § 1983.

9. On information and belief, at all times material to this action, Defendants Does 1-10 were officers and/or employees of Cache County and acting within the scope of their respective agency and/or employment and under color of law.

## JURISDICTION

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

11.     This Court has subject matter jurisdiction over Plaintiff's first through third claims for relief pursuant to 28 U.S.C. § 1343, because Plaintiff seeks redress for the deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States, and this action seeks equitable relief, and other relief under the laws of the United States protecting civil rights, including, without limitation, 42 U.S.C. § 1983.

12.     This court has supplemental jurisdiction, under 28 U.S.C. § 1367(a), over the fourth through eighth claims for relief under Utah law (the "State Law Claims"), because, as delineated below, such claims each arise from the same common nucleus of operative fact, namely, the same acts by Defendants to illegally deprive Plaintiff of his property. The common nucleus shared by the claims is not just a loose factual connection, rather, the claims arise from many of the same facts—the same actions, purposes, and schemes, as further set forth below. Venue is proper under 28 U.S.C. § 1391(b).

13.     None of the circumstances enumerated in 28 U.S.C. § 1367(c) applies to the State Law Claims or to the procedural posture of this case, and therefore the statute does not provide the court with a basis to decline supplemental jurisdiction over the State Law Claims.

14.     This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

15.     This Court has personal jurisdiction over all defendants because the acts and omissions of the defendants from which this action arises occurred within the State of Utah.

16.     This Court has personal jurisdiction over Defendant Cache County because it is domiciled within the State of Utah.

17.     This Court has personal jurisdiction over Defendant D. Chad Jensen because he has engaged in substantial and not isolated activities within the State of Utah as the Cache County Sheriff and/or as employee or agent of Cache County.

18.     This Court has personal jurisdiction over Defendants Unknown Sheriff's Deputies 1-20 and Does 1-10 because each has engaged in substantial and not isolated activities within the State of Utah as deputies of the Cache County Sheriff and/or as employees or agents of Cache County.

19.     This Court has personal jurisdiction over Defendants PBWB and Nathan A. Duncan because each has engaged in substantial and not isolated activities within the State of Utah, acting in concert with the other defendants to deprive Mr. Williams of civil rights and to commit torts against him.

20.     Venue in this district is proper under 28 U.S.C. § 1391(b)(1) and (2) because defendant Cache County is domiciled within this district, the events or omissions giving rise to the claim occurred within this district, and the property that is the subject of this action is situated within this district.

## COMPLIANCE WITH UTAH CODE § 63G-7-401
## (GOVERNMENTAL IMMUNITY ACT OF UTAH)

21.     Plaintiff has complied with the applicable notice requirements under Utah Code §63G-7-401.

22.     On or about November 2nd, 2021, Plaintiff, through counsel, provided written notice to defendants by delivering a notice of claim, setting forth potential claims Mr. Williams

intended to bring arising from the 2020 incidents.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 Claim for Violation of Fourth and Fourteenth Amendment Rights**
**(All Defendants)**

23.     Plaintiff incorporates the preceding paragraphs by reference as though fully set

forth herein.

24.     42 U.S.C. § 1983, originally part of the Civil Rights Act of 1871, 17 Stat. 13,

creates a private right of action to vindicate violations of "rights, privileges, or immunities

secured by the Constitution and laws" of the United States. Under the terms of the statute:

> Every person who, under color of [law] * * * causes to be subjected, any citizen of
> the United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress."

42 U.S.C. § 1983.

25.     42 U.S.C. § 1983 specifically provides civil remedies for Fourth and Fourteenth

Amendment violations, including monetary damages, attorney fees, and certain punitive

damages.

26.     At all times relevant to the allegations in this complaint, each of the Unknown

Deputies 1-20 was an on-duty sheriff's deputy acting both as an individual, and as an agent of

Cache County and Sheriff Jensen.

27.     At all times relevant to the allegations in this complaint, each of Does 1-10 was

acting both as an individual, and as an agent of Cache County.

6

28.     At all times relevant to the allegations in this complaint, Defendants PBWB and Nathan A. Duncan each acted, as an agent of Defendant Lower Foods, in concert with Cache County, Sheriff Jensen, the Unknown Deputies, and Does 1-10, under color of law.

29.     With respect to Mr. Williams' claims under 42 U.S.C. 42 § 1983, each of the Defendants is a "person" for purposes of 42 U.S.C. § 1983.

30.     Under the Fourth Amendment to the United States Constitution, as applied to the State of Utah through the Fourteenth Amendment to the United States Constitution, Mr. Williams has a right to be secure in his effects and free from unreasonable searches and seizures of his property.

31.     In preparing and obtaining and a facially overbroad writ of execution from the court, and working in concert with Cache County, Sheriff Jensen, Unknown Deputies 1-20, and Does 1-10 to execute such facially overbroad writ of execution, Defendants Lower Foods, PBWB, and Nathan A. Duncan, acting under color of law, each violated Mr. Williams's clearly established Fourth Amendment rights under the United States Constitution, of which they each knew, or of which reasonable private parties on the advice of counsel, and plaintiff's attorneys exercising the privileges of their status and licensure, should have known, rendering them each liable to Mr. Williams under 42 U.S.C. § 1983.

32.     In searching Mr. Williams's house and seizing Mr. Williams's property without reasonable suspicion, probable cause, or a facially valid court order, each Defendant violated Mr. Williams's clearly established Fourth Amendment property rights under the United States Constitution, of which they each knew, or of which reasonable peace officers and agents or

7

employees of Cache County should have known, rendering them each liable to Mr. Williams under 42 U.S.C. § 1983.

33.     Based on Defendants' conduct in connection with the writ of execution, Mr. Williams is entitled to an award of damages, injunctive relief, and declaratory relief.

34.     No Defendant is entitled to qualified immunity because Mr. Williams's relevant civil rights were clearly established at the time of the conduct, including, without limitation, his right to be free of unreasonable search and seizure of his property, and in which he had a reasonable expectation of privacy and quiet enjoyment.

35.     Based on the conduct of each of the Defendants in connection with the writ of execution, Mr. Williams is entitled to compensatory damages, in the amount of at least $500,000.00.

36.     Mr. Williams is further entitled to an award of attorney fees, expert fees, and costs pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Claim for Violation of Fourth and Fourteenth Amendment Rights
### (Defendants Unknown Deputies 1-20 and Does 1-10)

37.     Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

38.     Unknown Deputies 1-20 and Does 1-10 each had knowledge of Mr. Williams's unconstitutional treatment at the hands of Cache County agents, employees, or Sheriff's deputies, each had opportunities to intervene to protect Mr. Williams's Fourth and Fourteenth Amendment rights, including, without limitation, his right to be free from unreasonable searches

and seizures and his right to not be deprived of his property without due process of law.

39.     Unknown Deputies 1-20 and Does 1-10 each failed to intervene to protect the violations of Mr. Williams' Fourth and Fourteenth Amendment rights under the United States Constitution, of which Unknown Deputies 1-20 and Does 1-10 knew, or of which reasonable peace officers, county officers, county agents, and county employees should have known, rendering each of them liable to Mr. Williams under 42 U.S.C. § 1983.

40.     Based on the conduct of Unknown Deputies 1-20 and Does 1-10, Mr. Williams is entitled to an award of damages, injunctive relief, and declaratory relief.

41.     Unknown Deputies 1-20 and Does 1-10 are not entitled to qualified immunity because the rights of Mr. Williams that were violated were clearly established at the time of the conduct, including, without limitation, his right to not be deprived of his property without due process of law.

42.     As a direct and proximate result of Unknown Deputies 1-20 and Does 1-10 failing to intervene to cease such violations of Mr. Williams' Fourth and Fourteenth Amendment rights, Mr. Williams suffered injuries, including, without limitation, financial, physical, and psychological injuries, and a significant invasion of his privacy.

43.     As a result of these injuries, Mr. Williams is entitled to compensatory damages in the amount of at least $500,000.00.

44.     Mr. Williams is further entitled to an award of attorney fees, expert fees, and costs pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**
*Modell* **Claim under 42 U.S.C. § 1983:**
**Lack of Training or Supervision re Fourth Amendment Rights**
**(Defendants Cache County, Sheriff Jensen, Unknown Deputies 1-20, and Does 1-10)**

45.     Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

46.     Cache County and Sheriff D. Chad Jensen are "persons" under 42 U.S.C. § 1983.

47.     At all times relevant to this action, Unknown Deputies 1-20 and Does 1-10 were acting under color of law.

48.     On information and belief, as of November 2020, Cache County Sheriff's deputies, in serving and executing writs of execution, had a widespread custom and practice of seizing property beyond the scope of the relevant writs of execution, and/or executing overbroad writs of execution without exercising reasonable discretion to avoid taking property not belonging to the judgment debtor.

49.     On information and belief, as of November 2020, Defendants Cache County and D. Chad Jensen failed to train Cache County Sheriff's deputies about Fourth and Fourteenth Amendment rights of the public and displayed deliberate indifference to the constitutional rights enjoyed by all persons in the United States, including Mr. Williams.

50.     On information and belief, as of November 2020, Defendants Cache County and D. Chad Jensen failed to supervise and discipline Cache County Sheriff's deputies for unlawfully interfering with the Fourth and Fourteenth Amendment rights of the public and displayed deliberate indifference to the constitutional rights enjoyed by all persons in the United

States, including Mr. Williams.

51.     On information and belief, the aforementioned unconstitutional policies, customs, and practices of Defendants Cache County and D. Chad Jensen were the moving force behind the conduct of Unknown Deputies 1-20 and Does 1-10 in violating Mr. Williams' constitutional rights in October and November of 2020.

52.     As a direct and proximate result of the unconstitutional policies, customs, and practices of Defendants Cache County and D. Chad Jensen, Mr. Williams suffered injuries, including, without limitation, financial, physical, and psychological injuries, and a significant invasion of his privacy.

53.     As a result of these injuries, Mr. Williams is entitled to compensatory damages in the amount of at least $500,000.00.

54.     Mr. Williams is entitled to declaratory relief, including a declaration stating that his rights were violated, and an injunction requiring defendants to revise policy and training requirements to be consistent with the Fourth and Fourteenth Amendments with respect to seizure of property beyond the scope of any relevant writ of execution, or unreasonably mechanical execution of facially overbroad writs of execution.

55.     Mr. Williams is further entitled to an award of attorney fees, expert fees, and costs pursuant to 42 U.S.C. § 1988.

### FOURTH CLAIM FOR RELIEF
#### Conversion
#### (All Defendants)

56.     Plaintiff incorporates the preceding paragraphs by reference as though fully set

forth herein.

57.     In searching Mr. Williams's house and seizing Mr. Williams's property without reasonable suspicion, probable cause, or a facially valid court order, each Defendant willfully, and without lawful justification, interfered with, and denied Mr. Williams the use and possession of his chattel.

58.     Based on Defendants' conversion of his property, Mr. Williams is entitled to an award of injunctive relief and compensatory and punitive damages in the amount of at least $500,000.00.

## FIFTH CLAIM FOR RELIEF
### Civil Conspiracy
### (All Defendants)

59.     Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

60.     Defendants, acting in concert, engaged in an agreed course of action to harass and intimidate Mr. Williams by taking, under color of law, property belonging to him in violation of (a) his 4th Amendment rights and (b) Defendants' duties of care owed to him under Utah law, for the purpose of satisfying Defendant Lower Foods' judgment against Mr. Williams' wife.

61.     As a proximate result of these unlawful acts, Defendants damaged Mr. Williams financially, emotionally, and physically.

62.     Based on Defendants' conspiracy to harass Mr. Williams, to convert his property for themselves, and to violate his constitutional rights, Mr. Williams is entitled to an award of

injunctive relief and compensatory and punitive damages in the amount of at least $500,000.00.

**SIXTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**
**(All Defendants)**

63.    Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

64.    Defendants intentionally engaged in a conspiracy to unlawfully harass Mr. Williams, to convert his property for themselves, and to violate his constitutional rights, and such unlawful acts caused Mr. Williams severe emotional distress.

65.    Defendants' engaged in such unlawful acts (a) with the purpose of inflicting such emotional distress, or (b) under circumstances in which any reasonable person would have known that such emotional distress would result.

66.    Defendants' conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality.

67.    Based on Defendants' intentional infliction of emotional distress upon him, Mr. Williams is entitled to an award of injunctive relief and compensatory and punitive damages in the amount of at least $500,000.00.

**SEVENTH CLAIM FOR RELIEF**
**Negligent Infliction of Emotional Distress**
**(All Defendants)**

68.    Plaintiff incorporates the preceding paragraphs by reference as though fully set forth herein.

69.    Defendants engaged in a conspiracy to unlawfully harass Mr. Williams, to

13

convert his property for themselves, and to violate his constitutional rights, which conduct carried an unreasonable risk of causing Mr. Williams severe emotional distress, even if Defendants did not intend to cause such emotional distress.

70.     Defendants should have realized that such emotional distress might result in illness or bodily harm to Mr. Williams

71.     Such emotional distress did result in illness or bodily harm to Mr. Williams.

72.     Based on Defendants' negligent infliction of emotional distress upon him, Mr. Williams is entitled to an award of injunctive relief and compensatory and punitive damages in the amount of at least $500,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief against Defendants:

1.     On Plaintiff's FIRST CLAIM FOR RELIEF,

   a.     declaratory relief that the conduct of Unknown Deputies 1-20 and Does 1-10 violated Mr. Williams' rights under the Fourth and Fourteenth Amendments to the U.S. Constitution with respect to search and seizure of property;

   b.     compensatory damages in the amount of at least $500,000.00;

   c.     an award of all relevant attorney fees, expert fees, and costs pursuant to 42 U.S.C. § 1988; and

   d.     any other relief that the Court deems just and proper.

2.  On Plaintiff's SECOND CLAIM FOR RELIEF,

    a.  declaratory relief that the conduct of Unknown Deputies 1-20 and Does 1-10 violated Mr. Williams' rights under the Fourteenth Amendment to the U.S. Constitution with respect to deprivation of property without due process of law;

    b.  compensatory damages in the amount of at least $500,000.00;

    c.  an award of all relevant attorney fees, expert fees, and costs pursuant to 42 U.S.C. § 1988; and

    d.  any other relief that the Court deems just and proper.

3.  On Plaintiff's THIRD CLAIM FOR RELIEF,

    a.  declaratory relief that the acts and omissions of Unknown Deputies 1-20 and Does 1-10 violated Mr. Williams' rights under the Fourth and Fourteenth Amendments to the U.S. Constitution with respect to search and seizure of property and deprivation of property without due process of law;

    b.  compensatory damages in the amount of at least $500,00.00;

    c.  an award of all relevant attorney fees, expert fees, and costs pursuant to 42 U.S.C. § 1988; and

    d.  any other relief that the Court deems just and proper.

4.  On Plaintiff's FOURTH CLAIM FOR RELIEF,

    a.  declaratory relief that the acts and omissions of Defendants Cache County

and D. Chad Jensen with respect to customs and practice, policies training, and supervision violated Mr. Williams' rights under the Fourth and Fourteenth Amendments to the U.S. Constitution with respect to search and seizure of property and deprivation of property without due process of law;

b.      a permanent injunction requiring Defendants Cache County and D. Chad Jensen (and/or his successors as Cache County Sheriff) to revise policy and training requirements to be consistent with the Fourth and Fourteenth Amendments to the U.S. Constitution with respect to search and seizure of property and deprivation of property without due process of law, and to supervise their officers, agents, employees, and deputies to ensure that customs and practices are consistent with those rights, including judicial supervision over the compliance of Defendants Cache County and D. Chad Jensen (and/or his successors as Cache County Sheriff), and the Cache County Sheriff's Office, with such permanent injunction for not less than five years;

c.      compensatory damages in the amount of at least $500,000.00;

d.      an award of all relevant attorney fees, expert fees, and costs pursuant to 42 U.S.C. § 1988; and

e.      any other relief that the Court deems just and proper.

DATED: November 4th, 2022.

FROERER & MILES, P.C.

/s/*Zane S. Froerer*

Zane S. Froerer
*Attorney for Plaintiff*