IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DOUGLAS WILLIAMS, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CACHE COUNTY, a public politic;<br>D. CHAD JENSEN, individually and in his official capacity as Cache County Sheriff;<br>LOWER FOODS, a Utah corporation;<br>DOES 1–10; and UNKNOWN SHERIFF'S DEPUTIES 1–20, individually and in their official capacities as deputies of the Cache County Sheriff's Office,<br><br>    Defendants. | **MEMORADUM DECISION AND ORDER GRANTING DEFENDANT CACHE COUNTY'S MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF**<br><br>Case No. 1:22-cv-00151-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Now before the court is Defendant Cache County's Motion to Dismiss Plaintiff's First Claim for Relief (Second Motion to Dismiss).[1] For the reasons provided below, the Motion is granted.

Plaintiff Douglas Williams initiated this suit after Cache County Sheriff's deputies seized his personal property while executing writs.[2] Williams asserted three federal causes of action: (1) a section 1983 claim against all Defendants for violating his Fourth and Fourteenth Amendment rights, (2) a section 1983 claim against Unknown Deputies 1–20 and Does 1–10 for violating his Fourth and Fourteenth Amendment rights, and (3) a section 1983 *Monell* claim

---

[1] ECF 34 (*Second Motion to Dismiss*).

[2] *See* ECF 1, *Complaint*; ECF 5, *Amended Complaint*.

1

against Cache County, Sheriff Jensen, Unknown Deputies 1–20, and Does 1–10.[3]

Cache County, Sheriff Jensen, and Unknown Deputies 1–20 moved to dismiss, arguing Williams had failed to state a claim upon which relief could be granted (First Motion to Dismiss).[4]  The court heard oral argument and delivered an oral ruling granting in part and denying in part the First Motion to Dismiss.[5]  The court dismissed the first and second claims against Sheriff Jensen and Unknown Deputies 1–20, concluding they are entitled to quasi-judicial immunity.  However, the court did not dismiss the first claim against Cache County.  This claim was not dismissed because, in its Motion, the County had not adequately raised its argument that the first claim against it is an insufficiently pled *Monell* claim (the County clarified this argument at the hearing).  Finally, the court dismissed the third claim against Cache County, Sheriff Jensen, and Unknown Deputies 1–20 because Williams had not sufficiently pled a *Monell* claim.

After ruling on the First Motion to Dismiss, the court directed Williams to seek leave to amend within a specific timeframe.[6]  Williams did not seek leave to amend, and the court held a status conference to discuss next steps.[7]  Williams explained he did not intend to seek leave to amend because any amended pleading would likely be futile given the court's prior ruling.[8]  Cache County stated it intended to file a Rule 12(c) motion, and the court directed the County to

---

[3] *Amended Complaint* ¶¶ 44–77.  Williams dismissed his claims against Lower Foods with prejudice.  ECF 28, *Order Acknowledging Voluntary Dismissal with Prejudice*.  Williams also asserted three state law claims, but he conceded his allegations were insufficient to support those claims.  ECF 19, *Plaintiff's Memorandum in Opposition to Cache County Defendants' Motion to Dismiss* at 12–13.

[4] ECF 11, *Cache County Defendants' Motion to Dismiss* (*First Motion to Dismiss*).

[5] ECF 25, *June 15, 2023 Minute Entry*; ECF 30, *Aug. 16, 2023 Minute Order*.

[6] *Aug. 16, 2023 Minute Order*.

[7] ECF 33, *Oct. 31, 2023 Minute Entry*.

[8] *Id.*

file that motion within 21 days.[9]

Cache County then filed its Second Motion to Dismiss.[10] The Motion reiterates the *Monell* argument from the First Motion to Dismiss and clearly directs it at the remaining claim against Cache County.[11] Specifically, the County argues the remaining claim is an insufficiently pled *Monell* claim and thus fails to state a claim.[12]

In Opposition, Williams reiterates the arguments he made against the First Motion to Dismiss—namely, he adequately alleged a *Monell* claim, and he will be able to provide more details after discovery.[13] The court already rejected these arguments in its oral ruling granting in part the First Motion to Dismiss.[14]

Having considered the briefing, the court grants the Second Motion to Dismiss for the reasons explained in its oral ruling dismissing the third claim—Williams has not adequately pled a *Monell* claim and has thus failed to state a claim.

For these reasons, the Second Motion to Dismiss[15] is granted, and the first claim against

---

[9] *Id.*

[10] ECF 34. The County did not file a Rule 12(c) motion because it has not filed an answer, so the pleadings are not closed. *Id.* at 2; *see also* Fed. R. Civ. P. 12(c). Typically, successive motions to dismiss are improper if the "defense or objection was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Williams did not object to Cache County filing a successive motion to dismiss. *See* ECF 35, *Plaintiff's Memorandum in Opposition to Cache County Defendants' Motion to Dismiss First Claim for Relief.* Moreover, the Tenth Circuit has held that a potentially technical violation of Rule 12(g)(2) is harmless where the argument could be presented in a Rule 12(c) motion and all alleged facts are accepted as true. *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 704 (10th Cir. 2014). By accepting the alleged facts as true, it is as if the defendant filed an answer admitting all factual allegations and then filed a Rule 12(c) motion. *Id.* Following this precedent, the court accepts all alleged facts as true and treats the Second Motion to Dismiss as a Rule 12(c) motion. *See id.* But regardless of whether the court evaluates the Motion under Rule 12(b)(6) or Rule 12(c), the same standard applies. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[11] *Second Motion to Dismiss* at 4–8.

[12] *Id.*; *see also* ECF 36, *Cache County's Reply in Support of Motion to Dismiss Plaintiff's First Claim for Relief.*

[13] *Plaintiff's Memorandum in Opposition to Cache County Defendants' Motion to Dismiss First Claim for Relief.*

[14] *See Aug. 16, 2023 Minute Order.*

[15] ECF 34.

Cache County is dismissed.  Consequently, the only remaining claims are the claims against Does 1–10.  But Williams did not serve Does 1–10 within 90 days, as required by the Federal Rules of Civil Procedure.[16]  The claims against Does 1–10 are thus dismissed for failure to timely serve.  The Clerk of Court is directed to close the case.

        SO ORDERED this 8th day of January 2024.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[16] Fed. R. Civ. P. 4(m).